LAURA E. DUFFY
United States Attorney
MARK W. PLETCHER
Assistant U.S. Attorney
Colorado Bar No.: 34615
ROBERT S. HUIE
Assistant U.S. Attorney
California Bar No.: 237374
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9714
Email: mark.pletcher@usdoj.gov

JEFFREY KNOX
Chief, Fraud Section
CATHERINE VOTAW
Trial Attorney, Fraud Section
Pennsylvania Bar No.: 34823
BRIAN YOUNG
Trial Attorney, Fraud Section
Criminal Division
Ohio Bar No.: 0078395
Tel: (202) 353-0449
Email: Cathy.Votaw2@usdoj.gov

Attorneys for the United States

**FILED**
DEC 17 2013
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN BERTRAND BELIVEAU, JR. (2),<br><br>Defendant. | Case No.: 13-CR-3781-JLS<br><br>**SUPERSEDING INFORMATION**<br><br>Title 18, U.S.C., Sec. 371 – Conspiracy to Commit Bribery<br>Title 18, U.S.C., Sec. 201(b)(2)(A) and (C) - Bribery |

The United States charges that, at all times relevant to this Information:

Background

1. Defendant JOHN BERTRAND BELIVEAU, JR., has been employed as a Special Agent by the Naval Criminal Investigative Service ("NCIS") since 2002. BELIVEAU was stationed in Japan from in or about 2005 through in or about 2008, and in Singapore from in or about 2008 through in or about March 2012. BELIVEAU was assigned as a Supervisory Special Agent at NCIS Resident Agency, Quantico, Virginia, from in or about April 2012 until in or about September 2013.

2. Leonard Glenn Francis was a citizen of Malaysia, residing in Singapore. Francis was the Chief Executive Officer and President of Glenn Defense Marine (Asia) ("GDMA"), a corporation organized and existing under the laws of Singapore, which provided "husbanding" services under contracts with the U.S. Navy to support the Navy's operations in the Pacific Ocean. "Husbanding" involves the coordinating, scheduling, and direct and indirect procurement of items and services required by ships and submarines when they arrive at port.

3. NCIS has conducted several criminal investigations into the activities of Francis and GDMA. Investigative reports concerning those investigations are stored in an internal NCIS database called the NCIS Knowledge Network ("K-NET"). These investigative reports are law enforcement sensitive materials which cannot be

disseminated without authorization, or to anyone without a need to know that information. As a Special Agent, BELIVEAU had access to K-NET.

4. BELIVEAU has never been assigned to supervise or assist with any investigation concerning GDMA, Francis, or any related person or entity. No part of the GDMA-related investigations has involved the NCIS Quantico office since BELIVEAU's assignment there.

5. As an NCIS Special Agent, BELIVEAU was a "public official" as defined in 18 U.S.C. § 201(a). It was a violation of BELIVEAU'S official and lawful duties to disclose law enforcement sensitive information without authorization, or to anyone without a need to know that information. It was also a violation of BELIVEAU'S official and lawful duties for him to advise and counsel the subject of an investigation on how to respond to that investigation.

## Count 1 - Conspiracy to Commit Bribery

### The Conspiracy

6. Beginning in or about January 2011, and continuing until in or about September 2013, defendant JOHN BERTRAND BELIVEAU, JR., a public official and a Special Agent of NCIS, and Leonard Glenn Francis (1) knowingly and intentionally combined, conspired, confederated, and agreed to commit bribery, to wit, BELIVEAU and Francis knowingly agreed that, in return for BELIVEAU being influenced in the performance of official acts and in return for BELIVEAU being induced to do and omit to do acts in violation his official and lawful duties, including

providing to Francis law enforcement sensitive information and advice and counsel about ongoing NCIS criminal investigations into the activities of Francis and his business, GDMA, (a) Francis would, directly and indirectly, corruptly give, offer, and promise things of value, including cash, travel expenses, prostitutes, and a used laptop computer, to BELIVEAU; and (b) BELIVEAU would directly and indirectly, corruptly demand, seek, receive, accept, and agree to receive and accept these things of value; and (2) BELIVEAU and Francis each took overt acts in furtherance of this conspiracy and its unlawful objects, in violation of Title 18, United States Code, Sections 201(b)(1)(A) and (C), and 201(b)(2)(A) and (C), all in violation of Title 18, United States Code, Section 371.

## OBJECT OF THE CONSPIRACY

7. It was the object of the conspiracy for Francis to obtain law enforcement sensitive information and advice and counsel about ongoing criminal investigations into his activities and those of GDMA, and in return to give, offer and promise things of value to or on behalf of BELIVEAU, including cash, travel expenses, prostitutes, and a used laptop computer.

## METHODS AND MEANS OF THE CONSPIRACY

8. In furtherance of this conspiracy, and to accomplish its object, the following methods and means were used, among others:

    a. Francis would give, offer, and promise things of value to BELIVEAU, including cash, travel expenses, prostitutes, and a used laptop computer.

4

*13-CR-3781*

b. BELIVEAU would demand, seek, receive, accept and agree to receive and accept these things of value from Francis.

c. In exchange for things of value, BELIVEAU would access the NCIS K-NET system, run search queries to obtain NCIS investigative reports relating to Francis and GDMA, and provide Francis with law enforcement sensitive information from the K-NET system about ongoing NCIS criminal investigations into Francis and GDMA.

d. In exchange for things of value, BELIVEAU would advise and counsel Francis as to how to react and respond to various investigative steps taken by NCIS as part of the ongoing criminal investigations.

## OVERT ACTS

10. In furtherance of the conspiracy and to effect its object, the following overt acts, among others, were committed:

a. On or about March 4, 2011, Francis paid for a vacation for BELIVEAU in Bangkok, including plane tickets, a two-night stay in a luxury hotel, and the visit of a young woman from the Philippines, including her time and travel expenses. This woman was a prostitute.

b. On or about July 6, 2011, BELIVEAU counseled Francis on how to respond to an NCIS agent's inquiries about an ongoing criminal investigation into GDMA's husbanding contracts with the U.S. Navy.

     c.    On or about October 4, 2011, BELIVEAU sent an email to Francis telling Francis that BELIVEAU had some updated reports about an ongoing NCIS criminal investigation into GDMA's husbanding contract with the U.S. Navy, and offering to meet with Francis to provide him these law enforcement reports.

All in violation of Title 18, United States Code, Section 371.

### Count 2 – Bribery

10.    The allegations in Paragraphs 1 through 5 of this Superseding Information are hereby re-alleged and incorporated herein by reference.

11.    Beginning in or about January 2011, and continuing to in or about September 2013, defendant JOHN BERTRAND BELIVEAU, JR., a public official and a Special Agent of NCIS, directly and indirectly, corruptly demanded, sought, received, accepted, and agreed to receive and accept things of value from Francis, including cash, travel expenses, prostitutes, and a used laptop computer, in return for BELIVEAU being influenced in the performance of official acts, and in return for BELIVEAU being induced to do and omit to do acts in violation of his official and lawful duties, including providing to Francis law enforcement sensitive information and advice and counsel about ongoing NCIS criminal investigations into the activities of Francis and GDMA.

All in violation of Title 18, United States Code, Section 201(b)(2)(A) and (C).

//
//

## FORFEITURE ALLEGATIONS

12. The allegations set forth in paragraphs 1 through 111 of this Superseding Information are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c).

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

13. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the above-named defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(c), and Title 28, United States Code, Section 2461(c), including but not limited to all property, real or personal, which constitutes or is derived from proceeds traceable to bribery or a conspiracy to commit bribery, as alleged in this Superseding Information.

DATED: December 16, 2013.

LAURA E. DUFFY
United States Attorney

By: *(signature)*

MARK W. PLETCHER
ROBERT S. HUIE
Assistant U.S. Attorneys

JEFFREY H. KNOX
Chief, Fraud Section
Criminal Division

By: *(signature)* for

CATHERINE VOTAW
BRIAN YOUNG
Trial Attorneys
Fraud Section
U.S. Department of Justice