UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHN BERTRAND BELIVEAU, JR. (2),<br><br>Defendant. | Case No.  13cr3781-JLS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property and proceeds against the above-named Defendant, JOHN BERTRAND BELIVEAU, JR. (2) ("Defendant"), pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as property constituting, or derived from, any proceeds traceable to bribery or a conspiracy to commit bribery, as charged in the Superseding Information; and

WHEREAS, on or about December 17, 2013, Defendant pled guilty before Magistrate Judge Jan M. Adler to the two-count Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information, including "$30,000 in U.S. currency, which is the amount of gross proceeds the defendant realized from the bribery conspiracy." $6,200.00 was seized from the

//

1  Defendant; the remainder of the $30,000 to which he pled will be in the form of a
2  $23,800 money judgment against the Defendant in favor of the United States; and
3      WHEREAS, on January 15, 2014, this Court accepted the guilty plea of
4  Defendant; and
5      WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture
6  addendum, the United States has established the requisite nexus between the forfeited
7  property and the offense; and
8      WHEREAS, by virtue of said guilty plea, the United States is now entitled to
9  possession of the above-referenced property, pursuant to 18 U.S.C. § 981(a)(1)(C),
10  28 U.S.C. § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure;
11  and
12      WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
13  authority to take custody of the above-referenced property which was found
14  forfeitable by the Court; and
15      WHEREAS, the United States, having submitted the Order herein to the
16  Defendant through his attorney of record, to review, and no objections having been
17  received;
18      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
19      1.   Based upon the guilty plea of the Defendant, the United States is hereby
20  authorized to take custody and control of the following asset, and all right, title and
21  interest of Defendant JOHN BERTRAND BELIVEAU, JR. (2) in the following
22  property are hereby forfeited to the United States for disposition in accordance with
23  the law, subject to the provisions of 21 U.S.C. § 853(n):
24              $6,200.00 in U.S. Currency.
25      2.   The aforementioned forfeited asset is to be held by the United States
26  Marshals Service in its secure custody and control.
27  //
28  //

3.      Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.      Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned asset, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8.      In addition to forfeiture of the above asset, Defendant JOHN BERTRAND BELIVEAU, JR. (2) shall forfeit to the United States the sum of

$23,800.00 (in U.S. dollars) pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of $23,800.00 with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

11. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $23,800.00 to satisfy the money judgment in whole or in part.

13. The United States may take any and all actions available to it to collect and enforce the judgment.

IT IS SO ORDERED.

DATED: February 3, 2014

*Janis L. Sammartino*
JANIS L. SAMMARTINO, Judge
United States District Court