1

2                           UNITED STATES DISTRICT COURT

3                         SOUTHERN DISTRICT OF CALIFORNIA

4

5    UNITED STATES OF AMERICA,                Case No.:  13CR3781-JLS

6                              Plaintiff,     **ORDER:**

7                                             **(1) DENYING DEFENDANT'S CLAIMS**
8    v.                                       **FOR EXEMPTION UNDER 18 U.S.C. §**
                                              **3613; and**
9
                                              **(2) DENYING DEFENDANT'S REQUEST**
10   JOHN BERTRAND BELIVEAU, JR. (2),          **FOR HEARING AND TRANSFER TO THE**
                                              **DISTRICT OF KENTUCKY**
11                             Defendant.

12

13          Currently pending before the Court are Defendant Beliveau's pro se Requests for

14   Hearing and/or Claim for Exemption (ECF Nos. 320, 321).  Plaintiff has filed a response

15   in opposition.  Having considered these submissions in light of the record and applicable

16   law, the Court will deny Defendant's claims of exemption and deny his request for a

17   hearing and transfer to the District of Kentucky.

18                                      **Background**

19          On December 17, 2013, Defendant Beliveau, pursuant to a plea agreement, pled

20   guilty to the offenses of bribery and conspiracy to commit bribery.  ECF 56, 58.  As part

21   of his plea agreement, Defendant agreed to "the entry of a restitution order in the full

22   amount of the victim's losses, as determined by the Court…" Plea Agreement, ECF 61 at

23   21.  The plea agreement also provided that Defendant "agrees and understands that any

24   payment schedule imposed by the Court is without prejudice to the United States to take

25   all actions and take all remedies available to it to collect the full amount of restitution." *Id.*

26          Defendant was sentenced by this Court on October 14, 2016 to a total term of 144

27   months' imprisonment and 3 years' supervised release.  ECF 191.  The Court imposed

28   restitution in the amount of 20 million dollars, joint and several with his co-conspirators in

1   this case.  Amended Judgment, ECF 197 at 5.  The Court imposed a restitution payment

2   schedule during Defendant's period of incarceration; however the judgment reflects that

3   the payment schedule "do[es] not foreclose the United States from exercising all legal

4   actions, remedies, and process available to it to collect the restitution judgment."[1]  *Id*.

5       The Government indicates that $81,327.07 has been credited to the judgment debt,

6   leaving a total balance due of $19,918,872.94 as of April 13, 2021.  On April 20, 2021, a

7   magistrate judge granted two applications by the Government to issue a writ of garnishment

8   against Defendant's property as payment for his restitution obligation.  ECF 315, 316.  One

9   writ of garnishment was directed to garnishee The Vanguard Group Inc. and the other was

10  directed to garnishee Member's 1st Federal Credit Union.  The garnishees filed answers

11  indicating that they were in possession the following property belonging to

12  Defendant/Judgment Debtor:  a rollover IRA with an approximate value of $38, 948.32

13  (Vanguard Group) and a savings account with an approximate value of $27.42 and a

14  checking account with an approximate value of $6,772.04 (Member's 1st Federal Credit

15  Union).  ECF 317, 319.

16      On May 4, 2021, Defendant filed a claim for exemption and request for hearing in

17  the District of Kentucky, the district in which he is currently incarcerated, for both

18  garnishments.

19                              **Analysis**

20      The Government may enforce a restitution order through a writ of garnishment

21  against "all property or rights to property of the [defendant]," excluding a limited list of

22  exempt property. 18 U.S.C. § 3613(a).  The following types of property are exempt from

23

24

---

25  [1] Defendant previously filed a motion contesting the Government's restitution collection activities
    because he was in compliance with the payment scheduled imposed.  ECF 274.  This motion was denied
26  based upon applicable case law and the express terms of the plea agreement and judgment.  ECF 290.
    The Court also denied Defendant's request to delay enforcement of the restitution judgment because the
27  Mandatory Victims Restitution Act clearly establishes that a restitution order is enforceable upon entry
    of judgment.  *Id.*
28

13CR3781-JLS

garnishment: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects not to exceed $9,790 in value; (3) books and tools of a trade, business, or profession not to exceed $4,890 in value; (4) unemployment benefits; (5) undelivered mail; (6) certain annuity and pension payments; (7) workmen's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Participation Act.  18 U.S.C. § 3613(a)(1) ("[P]roperty exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law").

Defendant claims exemption from enforcement of the writs of garnishment under the third and sixth categories: books and tools of a trade and certain annuity and pension payments.  The first claimed exemption is clearly inapplicable, the Government has not levied against any books or tools of any trade, business, or profession. The exemption for provisions applies only to property, not money.  *See e.g., United States v. Holcomb*, 2012 WL 5306257, at *3 (D. Kan. Oct. 26, 2012) ("Because [prisoner's] inheritance is entirely monetary, it is not exempt from garnishment under § 6334(a)(1–3).").

Defendant's claim that his funds are protected under the "certain annuity and pension payments" provision also fails.  This exemption applies to "annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. § 1562), and annuities based on retired or retainer pay under chapter 73 of title 10 of the United States Code."  26 U.S.C. § 6334(a)(6).  Defendant claims that the funds in the subject accounts are from an annuity/retirement account he received from a job prior to employment with the Department of the Navy.  However, the exemption only applies to the certain retirement or annuity payments described in § 6334(a)(6), not all retirement accounts.  Defendant makes no showing that the funds are derived from any of the annuity and pension payments enumerated in § 6334(a)(6) but suggests that the exemption should apply because the funds

13CR3781-JLS

are not tied to his employment with the United States Navy or the underlying offense.  The Government is entitled, however, to enforce the order of restitution "against all property or rights to property" of the defendant, it is not limited to the proceeds of crime.

Neither of the exemptions claimed by Defendant are applicable to funds levied by the Government.  Furthermore, the record reflects that the statutory requirements for issuance of the writs of garnishment were complied with.  This Court has previously rejected Defendant's claim that enforcement of the restitution order is barred by Defendant's compliance with the payment schedule imposed at the time of sentencing.  ECF 290.   Under these circumstances, the Court declines to hold a hearing or transfer this matter to District of Kentucky because Defendant has failed to present any colorable claim for relief.  This Court joins those courts that have recognized that the statutorily mandated hearing requirement may be waived in cases involving the collection of restitution under the Mandatory Victims Restitution Act when the judgment debtor has failed to present a colorable claim and that the "transfer provision should not be read to strip the Court of its inherent authority to prevent waste and abuse of the judicial process."  *United States v. Place*, 2018 WL 3354971, *4 (W.D. La. June 18, 2018) (unpublished) (compiling cases).

### Conclusion

The Court finds that Defendant's claimed exemptions from enforcement of the writs of garnishment are inapplicable as a matter of law and that Defendant has presented no colorable claim for relief.  Accordingly, Defendant's claims for exemption are HEREBY DENIED.  Defendant's request for a hearing and transfer to the District of Kentucky is DENIED.

IT IS SO ORDERED.

Dated:  May 12, 2021

Hon. Janis L. Sammartino
United States District Judge

13CR3781-JLS