UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 13CR3781-JLS |
|---|---|
| Plaintiff, | |
| | **ORDER DENYING DEFENDANT'S MOTIONS REQUESTING DISQUALIFICATION OF JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455 AND TO ESTABLISH TIME PERIOD FOR A RESPONSE TO MOTION REQUESTING DISQUALIFICATION OF JUDGE** |
| v. | |
| JOHN BERTRAND BELIVEAU, JR. (2), | |
| Defendant. | **[ECF Nos. 382 and 386]** |

Currently pending before the Court is Defendant Beliveau's pro se Motion Requesting the Disqualification of Judge Pursuant to 28 U.S.C. §§ 144 and 455 (ECF No. 382). Defendant further moves to establish a time period for a response to said motion (ECF No. 386). Plaintiff has not responded to either motion.

Defendant contends that this Court must disqualify itself in this matter because it recused from a case involving a defendant in a related matter and failed to provide Defendant Beliveau with notice of the disqualification. Defendant contends that because of the Court's recusal in the related case "any decision made by this judge will be viewed as tainted and having the appearance of partiality." ECF 382 at 12.

Defendant cites two statutory authorities for his position: 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Section 455 provides in relevant part:[1]

> (a) Any…judge…shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley,* 783 F.2d 934, 939 (9th Cir.1986)). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States,* 510 U.S. 540, 554-56 (1994).

---

[1] Defendant has not alleged grounds for recusal other than the Court's bias or prejudice stemming from its recusal in the related case.

Defendant does not specify any "extrajudicial source" demonstrating this Court's alleged bias. While it is true that the Court recused in the matter of *United States v. Edmond Aruffo*, 14CR1924-BTM (S.D. Cal.), this recusal was not caused by personal knowledge of the underlying facts of the case, nor did it have any connection to Defendant Beliveau or any other defendant facing charges related to Glenn Defense Marine Asia and/or Leonard Glenn Francis. The basis for the recusal was isolated to Mr. Aruffo's case and notice of the recusal was publicly entered on March 28, 2017. 14CR1924-BTM, ECF 34.

Aside from sheer speculation, Defendant makes no showing that the Court's recusal in Mr. Aruffo's case establishes bias in his case. Defendant is certainly not sparing in his complaints about the Court's actions such as entry of the restitution order and the sentence imposed. He also stresses that Defendant Aruffo case was "inextricably related" to his case, as well as other cases the Court has presided over, including a recent trial. While this is true, Defendant has not identified any specific fact that would lead a reasonable person to conclude that the Court's impartiality might be questioned in this case. Defendant's motion merely rests upon the assumption that the recusal in Mr. Aruffo's case necessarily establishes the Court's bias in his own case, which it does not.

Conclusory allegations devoid of specific factual allegations tending to show personal bias stemming from an extrajudicial source are legally insufficient to support a motion for recusal. *See, e.g., United States v. Sibla*, 624 F.2d 864, 869 (1980). Accordingly, Defendant's Motion Requesting Disqualification of the Judge Pursuant to 28 U.S.C. §§ 144 and 455 and Defendant's Motion to Establish a Time Period for a Response to Motion Requestion Disqualification of Judge are HEREBY DENIED.

IT IS SO ORDERED.

Dated: June 22, 2023

Hon. Janis L. Sammartino
United States District Judge